Filed 3/10/22  P. v. Walker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN CHARLES WALKER,<br><br>    Defendant and Appellant. | F082376<br><br>(Super. Ct. No. F20900159)<br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Jennifer Oleksa, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Ruben Charles Walker contends on appeal that (1) his sentence on count 2 should be stayed pursuant to Penal Code section 654;[1] and (2) his sentence on count 1 must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b).  We stay defendant's sentence on count 2, and affirm the case in all other respects.

## PROCEDURAL SUMMARY

On March 4, 2020, the Fresno County District Attorney filed an information charging defendant with one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 1) and one of count battery with serious injury (§ 243, subd. (d); count 2).  The information alleged in count 1 that defendant personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a) during the commission of the charged assault.  The information further alleged defendant had suffered two prior felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) that also qualified as prior serious felony convictions (§ 667, subd. (a)).

On October 14, 2020, a jury found defendant guilty on both count 1 and count 2, and found the great bodily injury allegation to be true.  Upon entry of the verdicts, a court trial was held on the prior conviction allegations.  Both were found to be true.  The trial court struck one of the prior strike convictions.  The court sentenced defendant to 16 years in prison as follows:  on count 1, eight years (the upper term, doubled due to the prior strike conviction), plus a consecutive three-year great bodily injury enhancement (§ 12022.7, subd. (a)), plus a consecutive five-year prior serious felony conviction enhancement (§ 667, subd. (a)); on count 2, eight years (the upper term, doubled due to the prior strike conviction), concurrent to the sentence on count 1.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

On January 29, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On April 25, 2019, defendant was involved in a physical altercation with Rodney Lewis in the parking lot outside of a casino. As they wrestled and punched each other, Rodney felt his left arm go limp and saw blood flowing down his forearm and realized he had been cut. After he noticed his wound, he saw defendant wave his arm, holding a blade approximately six inches long. A witness saw defendant holding a knife and trying to stab Rodney during the altercation.

## DISCUSSION

### I.    Section 654

Defendant contends his sentence on count 2 should be stayed pursuant to section 654, because both his convictions for count 1 and count 2 resulted from the same underlying act. The People agree. We agree with the parties.

#### A.    *Background*

There was one act—the fight between defendant and Rodney—and one victim—Rodney. At the sentencing hearing, the prosecutor pointed out that there was an issue with the concurrent sentences under section 654, and the trial court expressly found that the two counts "[arose] from the same situation or fact pattern." However, defendant was sentenced on count 1 to eight years plus a three-year enhancement and on count 2 to a term of eight years, to be served concurrently with count 1.

#### B.    *Law*

Section 654 provides:

"An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).)

Section 654 limits punishment for multiple offenses where the "act or omission" or course of conduct is indivisible in time and pursued according to a single objective or intent. (*People v. Beamon* (1973) 8 Cal.3d 625, 639.) A single act can be punished more than once, however, if it impacts multiple victims. (*Id.* at p. 638, fn. 10.)

When the facts of the case are undisputed, the application of section 654 raises a question of law, which is reviewed de novo. (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

### C. Analysis

As the facts of the case here are undisputed, we review the application of section 654 de novo. (*People v. Corpening*, *supra*, 2 Cal.5th at p. 312.)

The trial court's imposition of a concurrent sentence on count 2 was improper under section 654. (*People v. Beamon*, *supra*, 8 Cal.3d at p. 639.) As there was one act—the fight between defendant and Rodney—and one victim—Rodney—the battery and assault charges for which defendant was convicted arose from that indivisible course of conduct. As the parties agree, the concurrent sentence imposed for count 2 must be stayed.

## II. Senate Bill 567

Defendant contends the trial court's sentence to the upper term on count 1 should be vacated and remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b). The People argue that although Senate Bill 567's amendments to section 1170, subdivision (b), apply here, vacating defendant's sentence and remanding the case for resentencing is unnecessary because the trial court relied on defendant's prior criminal history, in accordance with section 1170, subdivision (b)(3), in imposing the upper term on count 1. We agree with the People.

### A. Background

Defendant was convicted by a jury of assault with a deadly weapon (§ 245, subd. (a)(1)) in count 1 and battery causing serious bodily injury (§ 243, subd. (d)) in

4.

count 2.  At a bifurcated court trial, the court found that defendant had suffered two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  These also qualified as serious felonies (§ 667, subd. (a)(1)).  These strike convictions were for robbery (§ 211) and assault with a firearm (§ 245, subd. (a)(2)).

The probation report considered by the trial court also showed that defendant had a sustained juvenile petition for burglary (§ 459) in 2000 and 14 felony convictions between 2005 and 2018, including vehicle theft (Veh. Code, § 10851, subd. (a)), burglary (§ 459), transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)), and felony evading a peace officer (Veh. Code, § 2800.2, subd. (a)).  At sentencing, the trial court struck one of defendant's strike convictions because both strike convictions arose from "one event."  The court sentenced defendant to the upper term on count 1, citing one factor in aggravation, his criminal history.  The trial court stated:

> "The Court is going to sentence the Defendant as to Count 1.  Because he has 20 years of criminal history and it's pretty consistent, frankly, and it's pretty varied as well, it's clear in my view the aggravated term is appropriate, that is 4 years, it's doubled by the strike."

### B.    Law

On October 8, 2021, Senate Bill 567 was signed into law.  It amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist.  (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).)  Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated by the defendant or found true beyond a reasonable doubt by a jury or court trial.  (§ 1170, subd. (b)(2).)  However, under section 1170, subdivision (b)(3), the trial court,

"may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Under the amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

### C.    Analysis

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the *amendment's* operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at pp. 744–745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 744–745; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As the parties agree, defendant's case was not final on January 1, 2022, and he was sentenced to the upper term on count 1 under former section 1170. We agree. Defendant is entitled to the benefit of Senate Bill 567.

Here, defendant's sentence to the upper term on count 1 by the trial court is not invalidated by Senate Bill 567's amendment to section 1170, subdivision (b), because the

6.

trial court explicitly relied on certified records of defendant's prior convictions in determining defendant's sentence, in accordance with section 1170, subdivision (b)(3). Defendant is correct that Senate Bill 567's amendments to section 1170, subdivision (b), usually require the trial court to impose a term of imprisonment not exceeding the middle term unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or by the judge in a court trial. (§ 1170, subd. (b)(2).) However, section 1170, subdivision (b)(3), permits the trial court to impose the upper term by relying on a certified record of defendant's prior convictions, without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).)

Here, in imposing the upper term on count 1, the trial court properly relied exclusively upon defendant's criminal history, finding that he had "pretty consistent" and "pretty varied" "20 years of criminal history." Two 2018 strike convictions were proven by certified records and found true by the trial court. Additionally, the record showed that defendant had numerous prior felony convictions, and as defendant's probation report, which the trial court considered shows, the facts regarding defendant's prior convictions were readily available from official records. (*People v. Towne* (2008) 44 Cal.4th 63, 81 [prison term, parole status, probation status, prior convictions are "ordinarily … well documented in … official records]; *People v. Black* (2007) 41 Cal.4th 799, 816, 819–820 [criminal records sufficient to establish prior conviction and related facts].) In accordance with section 1170, subdivision (b)(5), the trial court explicitly stated on the record the facts and reasons for choosing the sentence imposed, stating that it was imposing the upper term on count 1 solely because of defendant's prior convictions. As the trial court relied only on defendant's criminal history when imposing the upper term on count 1, and because his criminal history was established by certified records of his prior convictions, the trial court's imposition of the upper term on count 1 was proper under Senate Bill 567's amendment to section 1170, subdivision (b)(3).

## DISPOSITION

The sentence on count 2 is stayed.  The trial court is directed to prepare an amended abstract of judgment and forward copies to the appropriate entities.  In all other respects, the judgment is affirmed.